**U.S. BANKRUPTCY COURT**
District of South Carolina

Case Number: **11-02768-dd**

**ORDER**

The relief set forth on the following pages, for a total of 4 pages including this page, is hereby ORDERED.

---

**FILED BY THE COURT**
**11/21/2011**



David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 11/21/2011

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: ) | CHAPTER 11 |
| ) | |
| Crowson-Stone Printing Company, ) | Case No.: 11-02768-dd |
| ) | |
| Debtor. ) | |

**ORDER APPROVING BIDDING PROCEDURES AND BUYER PROTECTIONS**
**IN CONNECTION WITH THE SALE OF DEBTOR'S ASSETS**

THIS MATTER came before the Court on Crowson-Stone Printing Company's (hereinafter, the "Debtor") motion for entry of an order approving bidding procedures in connection with the proposed sale of certain of the Debtor's assets and the assets of Crowson Stone Real Estate, LLC ("CSRE")[1] to Indexx, Inc. or its assigns ("Buyer"). Buyer's bid anticipates the continued operation of the Debtor's business and the retention of most, if not all, of Debtor's employees.

Debtor separately filed an Amended Motion for Order Authorizing Sale of Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests ("Sale Motion").[2] The Sale Motion identifies an overall purchase price of $1,275,000.00 with an allocation of $427,500 to the Debtor's Assets (subject to certain adjustments at closing). The Sale Motion also includes the waiver of a post-petition rent claim that is at a minimum $47,500.00, and at a maximum over $120,000.00. Debtor asserts, therefore, that the true "Purchase Price" to be used for bid comparison is at least $475,000.00.

To facilitate the sale of the Assets, the Debtor requests the establishment of certain bidding procedures and the establishment of certain protections for the Buyer in the event it is not the successful purchaser. The Sale Motion requires the sale of both the Building, owned by CSRE, and the Assets, owned by the Debtor, with any competitive bidder required to purchase both. Competitive bidding, however, shall relate solely to the Purchase Price for the Debtor's Assets.

---

[1] CSRE, a non-debtor entity, owns the land and building ("Building") where the Debtor operates. While CSRE is not in bankruptcy, CSRE and its secured creditor, RREF SNV Acquisitions, LLC ("RREF") have consented to the sale of the Building in the Bankruptcy Court pursuant to the terms set forth in the Real Estate Purchase Agreement. Buyer's purchase of the Assets is contingent upon its purchase of the Building, and vice versa.

[2] Any capitalized terms not defined herein shall have the same meaning ascribed to them in the Sale Motion.

1

Upon review of the Debtor's motion and after due deliberation and sufficient cause appearing, it is hereby

ORDERED that the following procedures shall apply to the proposed sale of the Building and the Assets:

1.      Any bid from any person or entity other than Buyer to purchase the Assets and Building, in order to be a qualifying bid (a "Qualified Competing Bidder" and a "Qualified Competing Bid"), shall:

    (A) be in writing;
    (B) include terms that are substantially similar in all material respects to the Asset Purchase Agreement, <u>including the terms related to the purchase of the Building</u>;
    (C) identify the potential bidder and the officer(s) or authorized agent(s) who will appear on behalf of such potential purchaser;
    (D) provide evidence, satisfactory to the Debtor in its reasonable discretion, of the potential bidder's financial wherewithal to consummate the proposed transaction;
    (E) provide that such offer is not subject to any due diligence or financing contingency or further board or similar approval;
    (F) exceed the Purchase Price, as defined herein, of $475,000 by at least $50,000;
    (G) include a deposit of $45,000.00 in certified funds payable to the trust account of counsel for the Debtor; and
    (H) be received by Debtor's counsel within 5 business days of the sale hearing that will be scheduled by the Court.

2.      Upon receipt, Debtor shall promptly deliver copies of any competing bid to Buyer, each of its secured creditors, the Richland County Treasurer, S&L Financial Corp., and Wells Fargo Financial (collectively "Secured Creditors"), the U.S. Trustee and, as to any bid relating to the purchase of the Building, RREF.

3.      No bid shall be considered by Debtor or the Court unless it is a Qualified Competing Bid, with the Court making the final determination of what bid constitutes a Qualified Competing Bid, and no bidder shall be permitted to participate in the auction process unless it is a Qualified Competing Bidder. The Debtor, U.S. Trustee, and Secured Creditors reserve the right to object to any bid being deemed a "Qualified Competing Bid".[3]

4.      Upon receipt of any Qualifying Competing Bid, Buyer shall have the unconditional right to submit an overbid by delivering to Debtor no later than the beginning of the sale hearing to be scheduled by the Court (the "Sale Hearing"), an executed copy of an amendment to the Asset Purchase Agreement in which the Purchase Price, as defined therein, exceeds the original Purchase Price by a minimum of $25,000.  Any higher bid of Buyer shall be subject to Debtor's acceptance of a still higher and better bid submitted at the time of the Sale Hearing, with competitive bidding to be in increments of $25,000 ("Overbid Increments"),

---

[3]     RREF reserves its rights to object to any Qualified Competing Bid that does not provide the exact terms with regard to the purchase of the Building and the guaranties.

provided that the Debtor, in its reasonable discretion, and in consultation with its Secured Creditors, may adjust Overbid Increments with Court approval, and the Court may also adjust the Overbid Increments.

      5.      If the successful bidder is unable to close the sale within the time required for the closing by the Asset Purchase Agreement, the successful bidder shall forfeit its deposit made pursuant to Section 1(F) above, and Debtor shall close the sale of the Assets and Building to the "Back-Up Bidder" without the necessity of obtaining another order from this Court. Under the foregoing scenario, throughout the course of the Sale Hearing, all Qualified Bidders shall be required to serve as the Back-Up Bidder at their last offered bid in the event that such Qualified Bid is selected as the Back-Up Bid.

      6.      The deposit made by any Qualified Competing Bidder, who is not either the successful purchaser or the Back-Up Bidder, shall be returned timely to such Qualified Competing Bidder. The deposit made by the Back-Up Bidder shall be returned timely after the closing of the sale of the Assets and Building, which shall occur within a commercially reasonable time period, to the winning bidder.

      7.      The presentation of a Qualified Competing Bid to the Court for approval does not constitute the Debtor's acceptance of such bid. The Debtor will be deemed to have accepted the successful bid only when the Court has entered an order approving the sale and such sale has been consummated.

      8.      The Debtor reserves the right to modify the Bidding Procedures, in consultation with the Secured Creditors and the U.S. Trustee (and RREF with respect to any bid related to the purchase of the Building), with Court approval.

FURTHER ORDERED that the Buyer shall be granted an Expense Reimbursement, in an amount not to exceed $40,000, in the event it is not the successful purchaser.[4]

AND IT IS SO ORDERED.

---

[4] Buyer shall not be entitled to an Expense Reimbursement in the event that the failure to consummate the transactions contemplated by the Asset Purchase Agreement is a direct result of a breach of the agreement by Buyer and its failure to cure such breach after written notice thereof.

3